*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
February 16, 2023

v

No. 361027
Jackson Circuit Court
LC No. 20-003205-FH

ARCHIE NOAH PROFFITT,

        Defendant-Appellant.

Before: GLEICHER, C.J., and BOONSTRA and CAMERON, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's judgment of sentence. Defendant pleaded guilty to one count of possession of less than 25 grams of Fentanyl, MCL 333.7403(2)(a)(*v*) and was sentenced to two to four years' imprisonment with credit for 25 days served. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

In August of 2020, a police officer initiated a traffic stop of defendant's vehicle after observing that his vehicle had an improper license plate. During the stop, defendant admitted that he did not have a valid driver's license. He was arrested and a bag of suspected heroin was found in his wallet. The officer also searched defendant's person and found 11 syringes in his pants pocket.

Defendant pleaded guilty to one count of possession less than 25 grams of Fentanyl, MCL 333.7403(2)(a)(*v*). Defendant's minimum guideline sentencing range was scored at 0 to 11 months' incarceration. While defendant was on bond in this case, he was arrested and pleaded guilty to retail fraud. He was also charged in another case with a number of other offenses

---

[1] *People v Proffitt*, unpublished order of the Court of Appeals, entered June 1, 2022 (Docket No. 361027).

including: possession of drug paraphernalia, retail fraud, resisting and obstructing a police officer, and possession of analogues.

The trial court departed from the recommended sentencing guidelines, sentencing defendant to two to four years' imprisonment. The trial court cited defendant's prior probationary opportunities, his inability to rehabilitate, and his conviction while on bond in support of this upward departure. Defendant argues on appeal that his sentence was unreasonable and disproportionate.

## II. STANDARD OF REVIEW

Sentences that depart from the sentencing guidelines minimum threshold are reviewed for reasonableness. *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015). "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). In Michigan, the sentencing guidelines are not mandatory, but are advisory in all cases. *Id*. at 470; citing *Lockridge*, 498 Mich at 392. However, courts must "continue to consult the applicable guidelines range and take it into account when imposing a sentence . . . .[and] justify the sentence imposed in order to facilitate appellate review." *Lockridge*, 498 Mich at 392. Even so, "the key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range." *Steanhouse*, 500 Mich at 475 (quotation marks and citation omitted). A trial court abuses its discretion when the sentence imposed by the trial court is disproportionate to the seriousness of the circumstances involving the offense and the offender. *Id*. at 461.

## III. LAW AND ANALYSIS

Defendant argues the trial court abused its discretion when it imposed a sentence greater than what was recommended by the sentencing guidelines. We disagree.

Because this case involves a departure from the sentencing guidelines, we must determine whether the sentence imposed was nevertheless reasonable. We therefore employ the *Milbourn*[2] principles of proportionality. *Steanhouse*, 500 Mich at 459-460. These principles include: "(1) whether the guidelines accurately reflect the seriousness of the crime, (2) factors not considered by the guidelines, and (3) factors considered by the guidelines but given inadequate weight." *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017) (citations omitted). Factors not considered by the guidelines include "the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation." *People v Walden*, 319 Mich App 344, 353; 901 NW2d 142 (2017) (citation omitted).

At sentencing, the trial court considered several factors unique to defendant, including his age, his criminal record, his eight prior probationary opportunities—five of which were revoked— and his completion of substance abuse treatment. But, the trial court seems to have weighed more heavily defendant's criminal behavior after his arrest in this case, noting that

---

[2] *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990).

defendant had picked up six charges during this time.  According to the trial court, the guidelines did not take into consideration the substantial amount of criminal activity in which defendant had engaged while he was out on bond in this case.  Due to these factors, the trial court imposed a sentence greater than the recommended guidelines minimum sentence range.

Again, the "key test" is whether the sentence imposed is proportionate to the seriousness of the matter.  *Steanhouse*, 500 Mich at 475.  As noted, defendant pleaded guilty to one count of possession of less than 25 grams of Fentanyl, MCL 333.7403(2)(a)(*v*).  A defendant convicted of this offense is "guilty of a felony punishable by imprisonment for not more than 4 years or a fine of not more than $25,000.00, or both."  MCL 333.7403(2)(a)(*v*).  Although defendant claims the sentence imposed was unreasonable in light of his guidelines score and the probation department's recommendation, the trial court properly considered additional factors, including defendant's criminal activity after his arrest in this case.  Therefore, we conclude that the trial court's upward departure of 13 months from the recommended guideline range was not an abuse of discretion.

Affirmed.

/s/ Mark T. Boonstra
/s/ Thomas C. Cameron